IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PRISCILLA LINKE, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 17-937
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Priscilla Linke ("Linke") brings this action pursuant to 42 U.SC. § 405(g) for review of the ALJ's decision denying her claim for supplemental social security ("SSI"). She alleges a disability beginning on June 1, 1989. (R. 10)[2] Following a hearing before an ALJ, during which time both Linke and a vocational expert ("VE") testified, the ALJ denied her claim. Linke appealed. Pending are Cross Motions for Summary Judgment. *See* ECF docket nos. [10] and [12].

### Legal Analysis

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] Linke alleges an onset date of June 1, 1989 but the relevant period for purposes of determining whether or not Linke is entitled to benefits is August 22, 2013, the date upon which she filed the claim.

1

37, 39 (3d Cir. 1989). Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The

Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>The ALJ's Analysis</u>

At step one, the ALJ found that Linke had not engaged in substantial gainful activity since August 22, 2013, the application date. (R. 12) At step two, the ALJ concluded that Linke has the following severe impairments: fibromyalgia and joint pain, migraines, GERD, depression, anxiety, and bipolar disorder. (R. 12) The ALJ

3

referenced some other conditions such as asthma and allergies, but found that they did not constitute "severe impairments." (R. 12-14)

At step three, the ALJ concluded that Linke does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1. The ALJ considered Listings 12.04 and 12.06 (mental impairments), but determined that Linke did not satisfy the criteria. (R. 14-15)

Prior to engaging in step four, the ALJ assessed Linke's residual functional capacity ("RFC").³ The ALJ found Linke able to perform a range of light work, with some restrictions. (R. 16-21)

At step four, the ALJ determined that Linke has no past relevant work. (R. 24) Finally, at step five, the ALJ concluded that, considering Linke's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 21) For example, the ALJ determined that Linke is capable of performing the requirements associated with representative occupations such as a garment sorter, a linen grader, or a retail marker. (R. 22)

3. Fibromyalgia

Linke limits her appeal to the issue of fibromyalgia.⁴ She contends that the ALJ erred in failing to assess her fibromyalgia in accordance with Social Security Ruling 12-

---

³ "RFC" refers to the most a claimant can still do despite his / her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1546(c), 416.946(c).
⁴ Linke writes that she has "received ongoing psychiatric treatment, and there is conflicting medical opinion evidence as to what her limitations should be from a mental standpoint. However, Plaintiff for purposes of this appeal, while disagreeing with the ALJ's findings on this matter, is not appealing on those grounds. Rather,

4

2p ("SSR 12-2p"). Social Security Ruling 12-2p was designed to provide "guidance on how we develop evidence to establish that a person has a medically determinable impairment (MDI) of fibromyalgia (FM), and how we evaluate FM disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." SSR 12-2p, 2012 WL 3104869 (Jul. 25, 2012). The regulation provides certain criteria for a finding of a medically determinable impairment of fibromyalgia[5] then states that, once an impairment is established, the ALJ engages in the five step sequential analysis. That is, "we consider the severity of the impairment, whether the impairment medically equals the requirements of a listed impairment, and whether the impairment prevents the person from doing his or her past relevant work or other work that exists in significant numbers in the national economy." SSR 12-2p.

Here, the ALJ found that Linke *does* suffer from fibromyalgia and that it *does* constitute a severe impairment. (R. 12) As such, I find that the ALJ complied with SSR 12-2p. *See Thompson v. Colvin*, 575 Fed. Appx. 668, 677 (7th Cir. 2014) (rejecting a claimant's contention that the ALJ's decision required remand because he failed to consider SSR 12-2p, stating that "a remand is unnecessary because the ALJ accepted Thompson's diagnosis of fibromyalgia as a severe physical impairment that limits her functional capacity.") (citations omitted); *see also, Rivera v. Comm'r. of Soc. Sec.*, Civ. No. 15-1088, 2016 WL 4718143, * 4 (D. N.J. Sept. 9, 2016) (stating that "SSR 12-2p

---

Plaintiff's appeal is focused upon the way in which her fibromyalgia evidence was handled…." *See* ECF Docket No. 11, p. 4.

[5] For instance, SSR 12-2p provides that to establish a medically determinable impairment of fibromyalgia, a physician must diagnosis fibromyalgia and satisfy one of two sets of criteria. Specifically, the claimant must demonstrate a history of widespread pain, at least 11 positive tender points on physical examination, and evidence that other disorders that could cause the symptoms or signs were excluded. In the alternative, the claimant must demonstrate a history of widespread pain, repeated manifestations of six or more fibromyalgia symptoms, and evidence that other disorders that could case these symptoms were excluded. SSR 12-2p.

has no bearing on the ALJ's decision in the instant case" because SSR 12-2p is designed to provide guidance on how to develop evidence to establish whether a claimant has a medically determinable impairment of fibromyalgia and the ALJ concluded that plaintiff's fibromyalgia was a severe impairment); *Accomando v. Comm'r. of Soc. Sec.*, Civ. No. 13-1391, 2014 WL 6389060, * 7 (D. N.J. Nov. 14, 2014) (stating that SSR 12-2p is "irrelevant" because the ALJ found that the claimant's fibromyalgia constituted a severe impairment, but concluded that despite her fibromyalgia and other impairments, she could perform sedentary work); *DeJesus v. Berryhill*, Civ. No.16-1061, 2017 WL 1847355, * 8 (E.D. Pa. March 21, 2017) (rejecting an argument that the ALJ failed to properly apply SSR 12-2p where the ALJ found that the claimant's fibromyalgia was a medically determinable impairment and then engaged in the five step sequential evaluation process); *Fleet v. Comm'r. of Soc. Sec.*, Civ. No. 14-1419, 2015 WL 3504962, * 6 n. 3 (W.D. Pa. June 3, 2015) (rejecting plaintiff's argument that she misapplied SSR 12-2p, noting that "it is of no moment whether the ALJ properly analyzed the diagnostic criteria for fibromyalgia" because she found that the fibromyalgia was so severe as to constitute a severe impairment); and *Acker v. Colvin*, Civ. No. 15-1319, 2016 WL 6826165, * 10 (M.D. Pa. Nov. 18, 2016) (rejecting claimant's contention that the ALJ failed to consider SSR 12-2p because the ALJ found fibromyalgia to constitute a "severe impairment").

To the extent that Linke contends that the ALJ failed to follow SSR 12-2p as it relates to considering fibromyalgia in the sequential evaluation process, I find such an argument unconvincing. The Regulation calls for the ALJ to follow the same five-step sequential process used in all adult claims for disability benefits. SSR 12-2p, VI(A)-(E).

6

Here, the ALJ considered whether Linke was engaged in substantial gainful activity; whether she had severe impairments; whether any of those impairments met or medically equaled the criteria of any of the listings in the Listing of Impairments; she engaged in a RFC assessment; and she used that RFC assessment to evaluate whether Linke was capable of doing any past relevant work or any other work that exists in significant numbers in the national economy. (R. 12-22) As part of that analysis she evaluated Linke's statements about her symptoms and her functional limitations. (R. 16-19) The ALJ evaluated the medical opinions and accorded them weight, with citations to the record in support of her conclusions. (R. 19-21)

Linke does not dispute that the ALJ complied with SSR 12-2p insofar as it instructs the ALJ to follow the five-step sequential analysis once assessing whether fibromyalgia is a medically determinable impairment. Instead, Linke cites to a few portions of the record indicating that she tested positive for fibromyalgia trigger points or displayed both fatigue and malaise and a "fibro fog." *See* ECF Docket No. 11, p. 7-8. This is the wrong standard. The task before me is to discern whether substantial evidence of record supports the ALJ's finding, not whether substantial evidence could have yielded a different result. "Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's findings, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003)." *Hundley v. Colvin*, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016) (*citations omitted*).

Further, my review of the record convinces me that substantial evidence supports the ALJ's decision. None of Linke's treating physicians opined that she had disabling limitations due to fibromyalgia. In fact, Linke's treating psychologist, Nagarika Nellori, Ph.D., indicated that Linke was watching excessive amounts of television "when she can work." (R. 252) Nellori also indicated that Linke was making excuses for failing to secure a job when she was capable of working. (R. 252) The ALJ gave Nellori's statements "great weight." (R. 19) Linke offers no rebuttal to the ALJ's decision to do so. Additionally, the ALJ found Linke's activities of daily living to suggest that she is not as disabled as she claims. Specifically, the ALJ determined that Linke continues "to perform a wide variety of tasks, including grocery shopping, operating an automobile, washing laundry, preparing meals, and caring for herself…." (R. 18) She also "shops in stores, and can function in classroom settings … [and] has even been able to engage in extended travel" and she has often gone "to bars and sang karaoke with friends." (R. 19) Again, Linke has not suggested that the ALJ erred in making these findings. In short, substantial evidence of record supports the ALJ's findings.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PRISCILLA LINKE, )
    Plaintiff, )
)
-vs- ) Civil Action No. 17-639
)
NANCY A. BERRYHILL,[6] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 25th day of July, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 10) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 12) is GRANTED.

                                                  BY THE COURT:

                                                  /s/ Donetta W. Ambrose
                                                  Donetta W. Ambrose
                                                  United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.